# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RONALD FILLYAW, JR.,

                Petitioner,

v.

MILWAUKEE COUNTY JAIL,

                Respondent.

Case No. 19-CV-1069-JPS

**ORDER**

      On July 25, 2019 Petitioner, a pre-trial detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention in connection with ongoing state criminal proceedings. (Docket #1). As an initial matter, the Court must screen the petition under Rule 4 of the Rules Governing Section 2254 Proceedings, which requires the Court to promptly examine the petition and dismiss it "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the petitioner is not entitled to relief."[1]

      The petition presents Petitioner's concerns with his arrest, namely his allegations that he was arrested without probable cause and without a warrant. *Id.* at 6. Petitioner filed a motion raising these same concerns with the state trial court on June 9, 2019, but the motion has not been decided. *Id.* at 2. Petitioner also filed a petition for a writ of habeas corpus in state court on June 21, 2019, presumably raising the same issues. *Id.* at 5. Petitioner has not filed an interlocutory appeal, a request for a writ of certiorari, or any

---

[1] Rule 1(b) of those Rules and Civil Local Rule 9(a)(2) give this Court the authority to apply the rules to other habeas corpus cases, including the rule permitting screening of the petition.

taken any other action to bring his claim to the attention of the superior Wisconsin courts. *See id.* at 2–5.

As the Seventh Circuit explains:

> Federal courts must abstain from interfering with state court criminal proceedings involving important state interests, as long as the state court provides an opportunity to raise the federal claims and no "exceptional circumstances" exist. *Stroman Realty, Inc., v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007). *See also* [*Younger v. Harris*, 401 U.S. 37, 43 (1971)]. Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies.

*Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009); *Tran v. Bartow*, 210 F. App'x 538, 540 (7th Cir. 2006). Petitioner's claims do not fall within the limited set which this Court could hear in a Section 2241 petition. Further, it is clear that Petitioner has failed to exhaust his state court remedies. He has not, in other words, shown that he presented any federal constitutional claims he may have to each level of the Wisconsin state court system. The Court must, therefore, dismiss this action without prejudice for Petitioner's failure to exhaust his state court remedies.

Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed

further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurists could debate whether this Court's procedural ruling was correct. As a consequence, the Court is compelled to deny a certificate of appealability as to Petitioner's petition.

Accordingly,

**IT IS ORDERED** that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for failure to exhaust; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 5th day of August, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge